Suzelle M. Smith, D.C. Bar No. 376384
Don Howarth, CA Bar No. 53783
523 West Sixth Street, Suite 728
Los Angeles, California 90014
(213) 955-9400
ssmith@howarth-smith.com
dhowarth@howarth-smith.com

Attorneys for Claimants
Jeremy Levin and Dr. Lucille Levin

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>OIL TANKER BEARING INTERNATIONAL MARITIME ORGANIZATION (IMO) NUMBER 9116412, A/K/A "*ADRIAN DARYA 1*," F/K/A "*GRACE 1*,"<br><br>ALL PETROLEUM WHICH IS OR WAS ONBOARD OIL TANKER BEARING INTERNATIONAL MARITIME ORGANIZATION (IMO) NUMBER 9116412 AS PART OF APRIL 2019 SHIPMENT,<br><br>     -and-<br><br>$999.950.00 AT U.S. BANK 1 ASSOCIATED WITH PARADISE GLOBAL TRADING LLC<br><br>          Defendants. | Civil Action No. 1:19-cv-1989-(JEB) |

**CLAIMANT LUCILLE LEVIN AND NONPARTY SUZELLE M. SMITH, TRUSTEE OF THE JEREMY ISADORE LEVIN 2012 REVOCABLE TRUST, AS AMENDED, NOTICE OF MOTION AND MOTION TO SUBSTITUTE**

PLEASE TAKE NOTICE that, upon the accompanying Memorandum of Law and Declaration of Suzelle M. Smith, Claimant and Judgment Creditor Dr. Lucille Levin and nonparty Suzelle M. Smith, Trustee of the Jeremy Isadore Levin 2012 Revocable Trust, as amended, hereby submit this motion to substitute. For the reasons stated in the accompanying Memorandum of Law, the Court should substitute Suzelle M. Smith, Trustee of the Jeremy Isadore Levin 2012 Revocable Trust, for Jeremy Levin as claimant and judgment creditor in this action.

Pursuant to Local Civil Rule 7(m), counsel for Dr. Levin and Ms. Smith discussed this motion with counsel for the Government, and the latter advised that the motion is unopposed.

Respectfully submitted,

Dated:  April 14, 2020                          HOWARTH & SMITH

By:     /s/ Suzelle M. Smith
        Suzelle M. Smith, D.C. Bar No. 376384
        Don Howarth, CA Bar No. 53783
        523 West Sixth Street, Suite 728
        Los Angeles, California 90014
        (213) 955-9400
        ssmith@howarth-smith.com
        dhowarth@howarth-smith.com

        Attorneys for Claimants
        Jeremy Levin and Dr. Lucille Levin

Suzelle M. Smith, D.C. Bar No. 376384
Don Howarth, CA Bar No. 53783
523 West Sixth Street, Suite 728
Los Angeles, California 90014
(213) 955-9400
ssmith@howarth-smith.com
dhowarth@howarth-smith.com

Attorneys for Claimants
Jeremy Levin and Dr. Lucille Levin

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>   v.<br><br>OIL TANKER BEARING INTERNATIONAL MARITIME ORGANIZATION (IMO) NUMBER 9116412, A/K/A "*ADRIAN DARYA 1*," F/K/A "*GRACE 1*,"<br><br>ALL PETROLEUM WHICH IS OR WAS ONBOARD OIL TANKER BEARING INTERNATIONAL MARITIME ORGANIZATION (IMO) NUMBER 9116412 AS PART OF APRIL 2019 SHIPMENT,<br><br>   -and-<br><br>$999.950.00 AT U.S. BANK 1 ASSOCIATED WITH PARADISE GLOBAL TRADING LLC<br><br>      Defendants. | Civil Action No. 1:19-cv-1989-(JEB) |

**MEMORANDUM OF LAW IN SUPPORT OF CLAIMANT LUCILLE LEVIN AND NONPARTY SUZELLE M. SMITH, TRUSTEE OF THE JEREMY ISADORE LEVIN 2012 REVOCABLE TRUST, AS AMENDED, MOTION TO SUBSTITUTE**

Claimant Dr. Lucille Levin and nonparty Suzelle M. Smith, Trustee of the Jeremy Isadore Levin 2012 Revocable Trust, as amended (the "Trust"), respectfully submit this memorandum of law in support of their motion, pursuant to Rule 25(c) of the Federal Rules of Civil Procedure, to substitute Ms. Smith, Trustee of the Trust, for Claimant Jeremy Levin as claimant and judgment creditor in this action.

I.      **FACTUAL BACKGROUND**

In 1984, while serving as Middle East Bureau Chief for CNN, Jeremy Levin was abducted by Hezbollah in Beirut, Lebanon.  Mr. Levin was held hostage, starved, and tortured until his escape eleven and half months later, on February 14, 1985.  On February 6, 2008, the District Court for the District of Columbia entered judgments on behalf of Mr. Levin and Dr. Levin totaling over $28 million against the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Islamic Revolutionary Guard Corps (collectively "Iran").  *Levin v. Islamic Republic of Iran*, Case No. 05-2494.  The judgments later were revived for another 12 years on January 24, 2020.  *Id.*, dkt. 33.  On July 2, 2012, Mr. Levin assigned and transferred his judgment against Iran to the Trust.  Declaration of Suzelle M. Smith ("Smith Decl.") ¶ 5, filed concurrently herewith.  From the time of the transfer and until his death, Mr. Levin brought actions to collect the judgment in his own name, as was his right.  Federal Rule of Civil Procedure 25(c) ("If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party.").

On February 6, 2020, Jeremy Levin died.  Smith Decl. ¶ 4.  Upon Mr. Levin's death, his daughter, Suzelle M. Smith, became the Trustee of the Trust.  Smith Decl. ¶ 6; Smith Decl. Ex. A.  The primary beneficiary of the Trust is his widow, Dr. Levin.  Smith Decl. ¶ 7.  Mr. Levin

1

and Dr. Levins' judgments remain partially unsatisfied in an amount over $15 million.  Smith Decl. ¶ 8.  At the time of Mr. Levin's death, Mr. Levin and Dr. Levin were claimants in the above-entitled action pending in this Court.

## II.     ARGUMENT

Where, as here, the interests underlying a claim have been transferred, Federal Rule of Civil Procedure 25(c) provides that the Court may, upon motion, direct "the transferee to be substituted in the action or joined with the original party."  *See also Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. De C.V.*, 247 F. Supp. 3d 76, 90 (D.D.C. 2017) ("Any substitution or joinder under Rule 25(c) does not change the substance of the litigation, but simply allows the case to go forward when an interest changes hands.").  The primary consideration in deciding a motion to substitute pursuant to Rule 25(c) is whether substitution will facilitate the litigation.  *Id.* at 89 ("The proper criteria for deciding a motion under Rule 25(c) is whether substitution would 'facilitate the conduct of the litigation.'"); *see also Branch Banking & Tr. Co. v. Morehouse*, No. CV 10-0912 DAR, 2011 WL 13257608, at *4 (D.D.C. Oct. 11, 2011) ("Rule 25(c) merely enables an action to continue unabated where a cause of action does survive transfer. Since a judgment on an interest transferred during the pendency of trial is binding on successors of interest, dismissal and summary judgment are unnecessary and, in fact, counterproductive as they undermine the continuity in action that Rule 25(c) substitution was designed to facilitate.").

Here, Mr. Levin cannot continue as a party to this action.  *See Mohammadi v. Islamic Republic of Iran*, 947 F. Supp. 2d 48, 54 n.2 (D.D.C. 2013), *aff'd*, 782 F.3d 9 (D.C. Cir. 2015) ("A deceased individual cannot serve as the real party in interest in a civil action.").  The action and co-claimant Dr. Levin's interests will be facilitated by substituting Ms. Smith, Trustee of the

Trust, which Trust is the transferee and owner of Mr. Levin's judgment, as the named claimant in place of Mr. Levin.  Dr. Levin also has her own judgment against Iran.

### III. CONCLUSION

For the foregoing reasons, the Court should substitute Suzelle M. Smith, Trustee of the Jeremy Isadore Levin 2012 Revocable Trust, for Jeremy Levin as claimant and judgment creditor in this action.

Respectfully submitted,

Dated:  April 14, 2020

HOWARTH & SMITH

By:    */s/ Suzelle M. Smith*
Suzelle M. Smith, D.C. Bar No. 376384
Don Howarth, CA Bar No. 53783
523 West Sixth Street, Suite 728
Los Angeles, California 90014
(213) 955-9400
ssmith@howarth-smith.com
dhowarth@howarth-smith.com

Attorneys for Claimants
Jeremy Levin and Dr. Lucille Levin