UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>OIL TANKER BEARING INTERNATIONAL MARITIME ORGANIZATION (IMO) NUMBER 9116412, A/K/A "*ADRIAN DARYA 1*," F/K/A "*GRACE 1*,"<br><br>ALL PETROLEUM WHICH IS OR WAS ONBOARD OIL TANKER BEARING INTERNATIONAL MARITIME ORGANIZATION (IMO) NUMBER 9116412 AS PART OF APRIL 2019 SHIPMENT,<br><br>- and -<br><br>$999,950.00 AT U.S. BANK 1 ASSOCIATED WITH PARADISE GLOBAL TRADING LLC<br><br>Defendants. | Civil Action No. 1:19-cv-1989 (JEB) |

**AFFIDAVIT IN SUPPORT OF DEFAULT**

1. I am the attorney of record for the Plaintiff, the United States of America, in the above-captioned case.

2. This declaration is executed by me in accordance with Rule 55(a) of the Federal Rules of Civil Procedure, for the purpose of enabling the plaintiff to obtain an entry of default against the above captioned Defendant Properties, as the only known potential claimants have withdrawn their claim and no other potential claimants have claimed an interest or otherwise defended the action.

3. On July 3, 2019, the United States commenced this forfeiture action *in rem* against the Defendant Properties by filing a verified complaint for forfeiture.  *See* ECF No. 1.

4. On August 16, 2019, the United States filed a verified amended complaint for forfeiture.  *See* ECF No. 7.

5. On August 30, 2019, the United States filed a verified second amended complaint for forfeiture.  *See* ECF No. 14.

6. The Defendant Properties were served with process.

7. The United States gave notice of this action to all known potential claimants pursuant to the procedures set forth in Rule G(4) of the Supplemental Rules For Admiralty Or Maritime Claims And Asset Forfeiture Actions ("Supplemental Rule").  Supplemental Rule G(4)(b) requires the United States to "send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant."  Fed. R. Civ. P. Supp. R. G(4)(b).

8. Direct notice was not possible as to the owner of Defendant Property 1 and Defendant Property 2, as the potential claimant was an Iranian government entity.  However, the Iranian government had actual notice and commented in the press about the instant complaint.

9. As to Defendant Property 3, there was no person who reasonably appeared to be a potential claimant.  The funds were frozen by an intermediary bank that has no interest in contesting the forfeiture.  The two parties to the transaction cannot be potential claimants as the Uniform Commercial Code divests any ownership interest from them once the intermediary bank received the funds.

10. Supplemental Rule G(4)(a) also requires the United States to publish notice of the forfeiture "to an official internet government forfeiture site for at least 30 consecutive days."  Fed. R. Civ. P. Supp. R. G(4)(a)(iv)(C).  On October 16, 2019, the United States began posting such

notice on an internet site, http://www.forfeiture.gov, for 30 consecutive days. Any verified claim in response to the notice by internet publication had to be filed no later than November 15, 2019. *See* Fed. R. Civ. P. Supp. R. G(5)(a)(ii)(B); *See* ECF No. 25.

11. On November 14, 2019, a verified claim was filed by Jeremy Levin and Lucille Levin. *See* ECF No. 18.

12. On May 18, 2020, Jeremy Levin and Lucille Levin filed a notice of withdrawal of their verified claim. *See* ECF No. 24.

13. No other party has filed a timely claim.

14. No party may contest the United States' allegation that the Defendant Properties are subject to forfeiture, because: (1) no claim remains on the record as to the Defendant Properties; (2) the time for filing a claim has expired, and no extensions of time were given; and (3) no other person who reasonably appeared to be a potential claimant is an infant or incompetent person.

15. Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

16. The Clerk is requested to enter Default against the Defendant Properties and all parties that might have an interest in it.

17.     Executed this 20th day of May, 2020, by undersigned counsel for plaintiff the United States of America.

Respectfully submitted,

MICHAEL R. SHERWIN
ACTING UNITED STATES ATTORNEY
N.Y. Bar Number 4444188


By: _/s/ Zia M. Faruqui_____
Zia M. Faruqui, D.C. Bar No. 494990
Assistant United States Attorney
United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C.  20530
202-252-7117
zia.faruqui@usdoj.gov


Attorneys for Plaintiff
UNITED STATES OF AMERICA